| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN BAD WOUND,<br><br>Defendant. | CR. 17-50099-JLV<br><br>ORDER |

## INTRODUCTION

Defendant Jonathan Bad Wound was indicted by a three-count indictment. (Docket 1). Count I charged Mr. Bad Wound with assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3) and 1153; count II charged him with assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6) and 1153; and count III charged him with discharge of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Id. Defendant filed a motion to sever counts I and II from count III. (Docket 83). The government opposes defendant's motion. (Docket 85). For the reasons stated below, defendant's motion to sever is denied.

## ANALYSIS

The factual background of the incident resulting in the charges against the defendant are set out in full detail in a report and recommendation of

United States Magistrate Judge Daneta Wollmann. (Docket 66). The counts of the indictment charge as follows:

Count I:     On or about between May 30, 2016, and May 31, 2016, near Martin, in Indian country, in the District of South Dakota, the defendant, Jonathan Bad Wound, an Indian person, did knowingly assault Robert Bad Wound with a dangerous weapon, namely, by shooting a firearm at him and his vehicle, with the intent to do bodily harm, all in violation of 18 U.S.C. §§ 113(a)(3) and 1153 ["assault with a dangerous weapon"].

Count II:     On or about between May 30, 2016, and May 31, 2016, near Martin, in Indian country, in the District of South Dakota, the defendant, Jonathan Bad Wound, an Indian person, did knowingly assault Robert Bad Wound, said assault resulting in serious bodily injury, all in violation of 18 U.S.C. §§ 113(a)(6) and 1153.

Count III:     On or about between May 30, 2016, and May 31, 2016, near Martin, in Indian country, in the District of South Dakota, the defendant, Jonathan Bad Wound, knowingly discharged a firearm during and in relation to a crime of violence for which he could be prosecuted in a court of the United States, that is, Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153, all in violation of 18 U.S.C. 924(c)(l)(A)(iii) ["discharge of a firearm during the commission of a crime of violence"].

Discharge of a firearm during the commission of a crime of violence is premised on 18 U.S.C. § 924(c)(1).

[A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i)     be sentenced to a term of imprisonment of not less than 5 years;

(ii)     if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii)    if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).   For purposes of § 924(c)(1)(A),

[T]he term "crime of violence" means an offense that is a felony and—

(A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)     that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A) & (B).   The first subsection of the definition of "crime of violence" is "known as the elements clause, and the second the residual clause."   <u>United States v. Davis</u>, ____ U.S. ___, 139 S. Ct. 2319, 2324 (2019). The residual clause, "§ 924(c)(3)(B) is unconstitutionally vague."   <u>Id.</u>, 139 S. Ct. at 2324.

Assault with a dangerous weapon is a Class C felony as it carries a maximum sentence of 10 years imprisonment.   18 U.S.C. § 113(a)(3) & 3559(a)(3).   For purposes of § 113(a)(3), "[a] dangerous weapon is defined as an object capable of inflicting bodily injury."   <u>United States v. Steele</u>, 550 F.3d 693, 699 (8th Cir. 2008).   If the dangerous weapon used to commit assault as charged in count I is a firearm, the offense would qualify as a "crime of violence" under § 924(c)(1)(A) because the offense "has as an element the use,

attempted use, or threatened use of physical force against the person or property of another[.]"   18 U.S.C. §§ 924(c)(1)(A) & 924(c)(3)(A).

Discharge of a firearm during the commission of a crime of violence, as charged in count III, has two essential elements: (1) the defendant committed the offense of assault with a dangerous weapon as charged in count I; and (2) the defendant knowingly discharged a firearm during and in relation to the assault with a dangerous weapon as charged in count I.   See United States v. Gregg, 376 F. Supp. 2d 949, 951-52 (D.S.D. 2005) (citing United States v. Mills, 835 F.2d 1262, 1264 (8th Cir. 1987)).   In the event of a conviction, count III carries "a term of imprison of not less than 10 years[,]" which must be imposed consecutive to any sentence imposed upon the defendant.   See 18 U.S.C. § 924(c)(1)(D)(ii) ("[N]o term of imprisonment imposed on a person under the subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence . . . during which the firearm was used[.]").

Federal Rule of Criminal Procedure 8 directs the joinder of charges against a defendant.   That rule provides: "[t]he indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."   Fed. R. Crim. P. 8(a).   "The joinder of offenses pursuant to rule 8(a) is allowed in three situations: (1) when the offenses are of the same or similar

character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984). "Joinder of offenses is proper where the . . . counts refer to the same type of offenses . . . and the evidence as to [the] counts overlaps." United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979).

Even though counts of an indictment may be properly joined, the court must determine if under Rule 14 the counts should be severed to avoid undue prejudice to the defendant. The rule provides: "[i]f the joinder of offenses . . . appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

"Even if charges are properly joined under Rule 8, a district court may exercise its discretion and sever the charges if the defendant will be prejudiced by the joinder of the two charges." United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [he] would have had in a severed trial . . . ." Id. at 625-26 (internal citation omitted). "[T]here is a strong presumption against severing properly joined counts . . . [and] [t]he defendant bears the burden of establishing prejudice." Id. at 626. "Where evidence that a defendant had committed one crime would be probative and

thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." Rodgers, 732 F.2d at 630 (internal citation omitted).

"Prejudice to the defendant must be both 'real' and 'clear' . . . . To satisfy the real prejudice standard, a defendant may show . . . that the jury will be unable to compartmentalize the evidence . . . . The defendant carries a heavy burden in making this showing." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation marks and citation omitted).

"[S]everance of counts [is required] only when a defendant has made a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." United States v. Jardan, 552 F.2d 216, 220 (8th Cir. 1977) (internal quotation marks and citation omitted). "In making such a showing, it is essential that the defendant present enough information regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other to satisfy the court that the claim of prejudice is genuine and to enable [the court] intelligently to weigh the considerations of 'economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying.' " Id. (internal citation omitted). See also United States v. Possick, 849 F.2d 332, 338 (8th Cir. 1988) ("In order to gain a severance, a defendant must make a persuasive and detailed showing regarding the testimony he would give on the one count he wishes severed and

the reason he cannot testify on the other counts."). A defendant does not satisfy this burden by simply suggesting he may want to testify on one count, but not another. Jardan, 552 F.2d at 220.

Mr. Bad Wound asserts count III must be severed from count I, assault with a dangerous weapon, and count II, assault resulting in serious bodily injury, because "Count 3 is more of a statutory crime allegation as opposed to Counts 1 & 2 which are based on [s]pecific intent." (Docket 83 at p. 1). The statement is incorrect in that count II is not a specific intent crime. He argues that if the "[c]rime of [v]iolence" allegation of count III is read to the jury during the trial on counts I and II, it "creates a presumption against the Defendant that a violent act has occurred which is prejudicial to Defendant." Id. For that reason, Mr. Bad Wound asserts "Counts 1 and 2 should be bifurcated to avoid unfair prejudice to the Defendant." Id.

The government opposes defendant's motion. (Docket 85). The government's brief sets out in detail the anticipated trial testimony, as does the magistrate judge's report and recommendation. Id. at pp. 1-3; Docket 66. The government argues joinder of counts I and III is proper under Fed. R. Crim. P. 8. It contends "[t]he charges are properly joined because the three factors the Court in Rodgers considered are all present and admissible." (Docket 85 at p. 5) (referencing Rodgers, 732 F.2d at 629). The government further argues severance is not warranted under Fed. R. Crim. 14. Id. at pp. 5-8.

The court finds joinder of the assault with a dangerous weapon count and the discharge of a firearm during the commission of a crime of violence count is proper. The two counts are connected by the same evidence and constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). There is "a common thread of an overarching criminal scheme connecting these two crimes." United States v. Chavis, 296 F.3d 450, 458 (6th Cir. 2002). Evidence of the use of a firearm is a critical fact which the government must prove beyond a reasonable doubt in the assault with a dangerous weapon count. Discharge of the same firearm at the same time is an element which the government must prove beyond a reasonable doubt for count III. Rodgers, 732 F.2d at 630.

Mr. Bad Wound has not met his burden of establishing undue prejudice by the joinder at trial of counts I and III. Garrett, 648 F.3d at 626. Defendant's motion to sever count III is denied.

ORDER

Based on the above analysis, it is

ORDERED that defendant's motion to sever counts (Docket 83) is denied.

Dated January 3, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE